# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF INSIGHT ENVIRONMENTAL ENGINEERING & CONSTRUCTION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AECOM TECHNICAL SERVICES, INC., et al.,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTION | Case No.: 1:18-cv-00561 LJO  JLT<br><br>ORDER DENYING STIPULATION TO AMEND THE CASE SCHEDULE<br>(Doc. 28) |

The parties have stipulated to amend the case schedule. They report that they have been involved in a discovery dispute for two months and think that they will not resolve it in time to meet the discovery deadline[1]. The Court notes, for example, it took AECOM 25 days to notify Insight that its responses were deficient and it took Insight about 40 days to notify AECOM that its responses were inadequate. (Doc. 28 at 3-4)

Though reciting the Court's admonition to them in October that they must complete all

---

[1] The deadline to file non-dispositive motions is March 15, 2019. The Court is at a loss to understand why they cannot be prepared to bring a motion, pursuant to Local Rule 251, by that time.  Also of note, the Court developed the case schedule by adopting the discovery deadlines proposed by counsel. Compare Doc. 20 with Doc. 21.

1

discovery within the current deadlines, seemingly, they did not take it seriously. Likewise, they ignore their obligation to demonstrate good cause before the Court will amend a case schedule. For example, they note that they intend to issue subpoenas to third parties and to take depositions (Id. at 4), but offer no explanation why they have failed to make these discovery efforts before now.

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." Id. Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3rd Cir. 1986).

A scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Johnson, 975 F.2d at 610. According to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b). In Johnson, the Court explained,

> Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Johnson, at 609. Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." Jackson, 186 F.R.D. at 608, emphasis added. Nothing in the

stipulation[2] supports good cause to amend the case schedule and, therefore, the stipulation is **DENIED.**

IT IS SO ORDERED.

    Dated: __**January 2, 2019**__            __**/s/ Jennifer L. Thurston**__
                                                               UNITED STATES MAGISTRATE JUDGE

---

[2] In addition, the proposed amended schedule, is unworkable for the Court. It fails to provide sufficient time to hear and decide dispositive motions before the pretrial conference.